IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RONALD D. ELLISON,**

    Plaintiff,

vs.                                              Civ. No. 98-1067SC/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

1.  Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. <u>Williams</u>

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections with the clerk of the district court to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2. Plaintiff applied for Social Security Disability Insurance benefits October 31, 1996 alleging a disability which commenced January 15, 1989. Tr. 41. The application was denied initially and on reconsideration. Plaintiff requested and received a de novo review before an Administrative Law Judge (ALJ). A hearing was held before the ALJ at which Plaintiff and his representative appeared and the ALJ found that Plaintiff was disabled within the meaning of the Social Security Act. Tr. 20. On its own motion, the Appeals Council reviewed the ALJ's decision and reversed the ALJ. Tr. 9. The decision of the Appeals Council therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3. Plaintiff was born on February 23, 1939. Tr. 41. He asserted in his application that since January 15, 1989 he was unable to perform any work activity due to a bullet in his brain which caused loss of memory, arthritis in his hands, a ruptured stomach, a loss of hearing, hip problems, balance problems and heart problems. Tr. 41, 82. The date Plaintiff was last insured was December 31, 1991.

**Issues**

4. Plaintiff alleges that the Appeals Council made three

reversible errors in denying Plaintiff's claims for benefits. Specifically, Plaintiff alleges that: 1) the Appeals Council erred in reversing the ALJ's decision regarding the Plaintiff's onset date; 2) the Appeals Council erred in failing to remand the case and having a medical advisor review the medical records to determine the onset date; and 3) the Appeals Council erred in failing to apply the standards in Social Security Ruling 83-20.

**The Standard of Review**

5. The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Id. It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld. However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied. Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6. The Plaintiff must first make a *prima facie* showing of an

impairment which effectively precludes him from returning to his past work. Once that showing is made, the burden shifts to the Commissioner to show: (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7. To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §404.1520. At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past. At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience. If a

4

determination of disabled is found at any step, further inquiry is not required. 20 C.F.R. §404.1520.

8. Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are

5

significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. Plaintiff failed to carry his burden in establishing that he has a disabling impairment. To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. §423(d), that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for at least 12 months. 42 U.S.C. §416(1)(10). The Act defines a physical or mental impairment as one "that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Commissioners' regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques. 20 C.F.R.

§404.1513.

11. The record shows that the Plaintiff last met the disability insured status requirements of the Act on December 31, 1991. Thus, in order to be entitled to a period of disability and disability insurance benefits, disability must have begun on or prior to that date. The ALJ's conclusion that Plaintiff was totally disabled prior December 31, 1991 is not supported by the substantial evidence. The Appeals Council finding that Plaintiff did not have a severe impairment which existed on or before December 31, 1991 is supported by the substantial evidence.

12. The earliest medical evidence in the record is that of March, 1994. In March of 1994 Plaintiff underwent an exploratory laparotomy and resection of the small bowel. Tr. 146. It is clear that Plaintiff fully recovered and did not suffer from any impairment as a result of this surgery. In March of 1995 Plaintiff was evaluated for acute sinusitis. He improved. Tr. 220. In April, 1996 Plaintiff was treated for vertigo. His MRI was normal. He had no neurological deficits. Tr. 227. In July of 1996, Plaintiff was diagnosed with atrial fibrillation. He was treated with medications which converted and then controlled the atrial fibrillation. These medications also appeared to help with Plaintiff's dizziness. Plaintiff saw Dr. James Botts, a cardiologist on July 26, 1996. Dr. Botts concluded that Plaintiff had no evidence of significant coronary disease. Tr. 119-120.

13. The first indication of memory problems is in a report

of Dr. Richard Bergsrud, a consultative examiner, in April of 1997. Dr. Bergsrud made no diagnosis relating to Plaintiff's memory problems. He merely noted that Plaintiff had a history of memory loss, related to depression and anxiety from "recent" financial stresses. Tr. 290-91.

  14. Since this was a step two case, the lack of medical evidence prior to the date Plaintiff was last insured precludes establishing that Plaintiff was disabled prior to that date. Plaintiff cites to Social Security Ruling 83-20 and <u>James v. Chater</u>, 96 F.3d 1341 (10th Cir. 1996) in support of his argument that the Appeals Council erred in failing to call a medical advisor to testify regarding the onset date of disability. Sometimes it is necessary to infer the onset date of a disability. However, Ruling 83-20 required the testimony of a medical advisory "only if the medical evidence of onset if ambiguous." <u>Reid v. Chater</u>, 71 F.3d 372, 372 (10th Cir. 1995) In this case the onset date is not ambiguous because Plaintiff has failed to establish that he had a disability at any time. A single reference in 1997 in a medical report does not establish a disability nor make any onset date ambiguous. Further, SSR 83-20 provides that "the established onset date...can never be inconsistent with the medical evidence of record." The medical evidence documents that Plaintiff incurred a gunshot wound to his head in 1963. However, no disabling residuals are noted in the record. Tr. 128, 220. As noted previously, memory problems were not mentioned until 1997. Further, as correctly

stated by the Appeals Council, the statements of the Plaintiff, his wife and those of his relatives, friends and acquaintances as to Plaintiff's medical condition are not sufficient to establish a finding of disability.  20 C.F.R. 404.1529.

15. To conclude, the substantial evidence supports the Appeals Council finding that Plaintiff's condition did not meet the step two severity requirement.  Thus, the Appeals Council was not required to seek testimony of a medical advisor regarding an onset date.

**Recommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
**Don J. Svet**
**United States Magistrate Judge**

9